UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PADILLA,<br><br>   Petitioner,<br><br>vs.<br><br>AUDREY KING, et al.,<br><br>   Respondents. | Case No. CV 13-08729-PA (DTB)<br><br>ORDER GRANTING RELIEF FROM JUDGMENT AND DIRECTING RE-ENTRY OF JUDGMENT |

**PROCEEDINGS**

Petitioner, a civil detainee who currently is confined at Coalinga State Hospital, constructively filed a Petition for Writ of Habeas Corpus herein on November 20, 2013,[1] ostensibly pursuant to 28 U.S.C. § 2241. The Petition purported to be directed to petitioner's civil commitment pursuant to California's Sexually Violent Predator Act ("SVPA"). The gravamen of petitioner's claims was that he was a Mexican

---

[1] November 20, 2013 is the signature date and thus, the earliest date on which petitioner could have turned the Petition over to the prison authorities for mailing. Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 3(d). See also Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (holding that the prison mailbox rule applies to a habeas petitioner's state and federal filings).

1

citizen subject to mandatory deportation and, as such, he was entitled to prompt deportation back to Mexico and he was not subject to civil commitment pursuant to the SVPA. In accordance with the Court's Order Requiring Response to Petition, respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus Based on Untimeliness and Lack of Exhaustion ("Motion") on December 20, 2013. Petitioner failed to file his Opposition to the Motion within the allotted time nor did he request an extension of time within which to do so. On August 15, 2014, the Court issued its Report and Recommendation ("R&R") wherein it recommended that respondent's Motion be granted and that judgment be entered dismissing this action with prejudice. Petitioner's Objections to the R&R were due on or before August 29, 2014. As the Court did not receive any Objections from Petitioner, the R&R was forwarded to the District Judge on October 8, 2014 for consideration. On October 9, 2014, the District Judge accepted the findings, conclusions and recommendations of Magistrate Judge and entered Judgment dismissing this action with prejudice.

In the meantime, petitioner constructively filed a document entitled "Petitioner's Request for Reconsideration of Magistrate's Report and Recommendation" ("Request") on October 2, 2014, which the Court received on October 6, 2014, and which was entered onto the Court's docket on October 17, 2014. In his Request, petitioner claimed he never received a copy of the Motion, and that he only received a copy of the R&R on September 30, 2014. Petitioner also sought leave to amend his Petition. On October 17, 2014, respondent filed a response to petitioner's Request stating that respondent compared petitioner's address listed on his Request to the address on the proof of service attached to the Motion, and they were identical. Respondent further advised that she had not received notification that petitioner's mail was returned as undeliverable. Respondent objected to petitioner's request to amend his Petition as the same would be untimely. On October 28, 2014, petitioner filed a response to respondent's response. In light of petitioner's contention that he did not receive a copy of the Motion, on November 5, 2014, the

1  Court issued a Minute Order noting that Judgment had been entered in this action on
2  October 9, 2014, and that the action had been dismissed with prejudice. Therefore,
3  to the extent petitioner sought relief from the Judgment entered on October 9, 2014,
4  petitioner was ordered to file a motion seeking relief from the Judgment in
5  accordance with Fed. R. Civ. P. 60 within thirty (30) days of the Order. On
6  November 21, 2014, petitioner filed a "Request for Respondent to be Ordered to
7  Serve Respondent's Motion to Dismiss on Petitioner." On December 15, 2014, the
8  Court advised petitioner that since the action has been dismissed with prejudice and
9  relief from Judgment has not been granted, the Court denied petitioner's request.

   Petitioner has now filed a document captioned "Petitioner's Request for Relief from Judgment," which the Court construes as a motion for relief from the Judgment pursuant to Fed. R. Civ. P. 60(b)(1) and/or 60(b)(6) ("Rule 60 Motion"). In addition to seeking relief from the Judgment, petitioner's Rule 60 Motion also raises objections to the R&R. In light of the above circumstances, petitioner's Rule 60 Motion is GRANTED and it is hereby ordered that the October 9, 2014 Order, along with the resulting Judgment entered herein on October 22, 2014 and the accompanying Order Denying a Certificate of Appealability, are VACATED.

   However, having now made a de novo determination of those portions of the Report and Recommendation to which petitioner has raised objections in his Rule 60 Motion in accordance with 28 U.S.C. § 636(b)(1)(C), the Court again accepts the findings and recommendations of the Magistrate Judge.

   IT THEREFORE IS ORDERED that Judgment be re-entered dismissing this action with prejudice.

DATED: May 15, 2015

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge

3